JUANA DE LA GARZA v. JOHN M. CAROLAN.

By his official bond a sheriff is bound to make "due return of all process and precepts to him lawfully directed," and to "pay over all sums of money collected by him, by virtue of any such process or precept, to the persons to whom the same are due, or their lawful attorney." (Paschal's Dig., Art. 5109, Note 1119.) A payment to the plaintiff in execution of all money collected on it, including costs, would answer the condition.

For any actual injury to the clerk for not collecting and paying over his fees, the sheriff and his sureties are liable in an action upon the official bond; or the clerk might sue the sheriff alone in a common-law action for money had and received.

Neither the clerk nor any private person, except the plaintiffs in execution, are entitled to the summary remedy by motion against the sheriff and his sureties by statute. (Paschal's Dig., Arts. 3781, 3796, 5106, Notes 872, 884; De la Garza v. Booth, 28 Tex., 478. Decided otherwise in Little v. Guest, 30 Tex., 1.)

In a suit upon a sheriff's bond the measure of damages is the actual injury sustained, which is the amount of money collected and not paid over, with interest from the date of demand of payment. (De la Garza v. Booth, 28 Tex., 478.) In such a suit the statutory damages allowed upon a summary motion cannot be given.

Although the clerk's costs are taxed upon an execution, between suitors he is not a party to such execution, nor has he any right to control it.

A clerk may demand security for costs, and, upon the termination of suits, he may issue executions in his own favor, for his costs, against the parties liable; and in such executions he is entitled to summary motions. (Paschal's Dig., Arts. 3781, 3796, 3831, 5106.)

The plaintiff in an execution is entitled to demand the whole proceeds of the execution from the sheriff, embodying all the taxation of costs against the defendant. This is his indemnity for his liability to the officers of the court for the costs which he may have either actually paid them in the progress, or which he may have secured to them in a bond for costs.

The plaintiff and defendant in all suits are immediately and directly liable to the clerk for the costs incurred by them respectively.

APPEAL from Bexar. The case was tried before Hon. THOMAS J. DEVINE, one of the district judges.

Carolan sued Henry and his securities on two different bonds for certain moneys which he charged that Henry received as sheriff for costs and fees due him, Carolan, as clerk. The bonds were not set out in the petition, the conditions were not averred, nor were any specific causes of breach set forth. The executions on which the money was charged to have been collected were not described or named, nor was there any bill of particulars or account current set forth. The only averment in the petition was that there were certain fees and emoluments of office due to Carolan, and which Henry was bound to collect; that he did collect $1,000 of fees and emoluments, and did not pay over the same, although often requested, and did not collect certain others.

The plaintiff recovered of one set of securities $527 94, debt, damages, and interest, and against the other securities $2,782 22.

*Geo. W. Paschal* and *C. Upson,* for appellant.—I. The giv-

ing of a new bond by a sheriff (Paschal's Dig., Art. 5110) relieves the sureties on his former bond from any of his liabilities fixed after the execution of the new bond. (Dumas & Co. v. Patterson, 9 Ala., 484, where this question arose under a statute similar to ours, and the principle clearly decided.)

II. An action or motion will not lie against a sheriff and his sureties, or either, for money collected on an execution until a demand for the money collected has been previously made by the person entitled to receive it, or until no necessity of a demand is shown by a conversion of the money previous to the institution of suit or motion. (Paschal's Dig., Arts. 3781, 3796, 5106, Notes 872, 884, and the cases in note 872; 9 Ala., above cited; The Governor v. Robbins, et al., 7 Ala., 79; Brown v. The Governor, 5 Port., 32; Beaver v. Batte, 19 Tex., 111; and De la Garza v. Booth, [28 Tex., 478,] where Judge COKE reviewed the various authorities upon the subject, and ably discussed the question of demand, the time and manner of fixing the sheriff's liability.)

III. None but a party to the judgment can have the benefit of this motion. (Hicks v. Gray, 25 Tex., 83; Beaver v. Batte, 19 Tex., 111.)

IV. Under article 1853, O. & W. Dig., for failing to execute or return process, the sheriff alone would be liable. Articles 865 and 872 expressly declare that the sheriff and his sureties shall be liable. (Paschal's Dig., Art. 3796, Note 884.) On this (23d) section the ruling has been express, that the remedy is confined to the plaintiff. (Hicks v. Gray, 25 Tex., 83; and see Paschal's Dig., Art. 5106.)

*S. G. Newton,* for appellee.—This was an action brought by appellee against the testator of appellant among other sureties upon bonds of W. R. Henry, as sheriff, under articles 865, 872, and 1853, O. & W. Dig. Testator of appellant was served, and appeared and answered.

The only question raised by counsel for appellant is the want of a bill of particulars by plaintiff in the court below. It will be seen by reference to the petition that there was such a bill referred to as an exhibit. It does not appear, as it was very long, and counsel wished to save costs. The evidence was admitted without objection, and the result given by appellant in her statement of facts, and it is believed that the judgment followed the facts.

I cannot find any error or any point to discuss, and beg leave to suggest that the appeal is prosecuted for delay, and respectfully ask an affirmance of the judgment, with damages.

LINDSAY, J.—There can be no serious doubt, we apprehend, that a sheriff and his securities upon his official bond are liable to any and all persons who may have been injured by his failure to perform the duties and fulfill the conditions undertaken and stipulated to be performed and fulfilled in the terms of the bond. For that purpose official bonds are required by law to be executed by the incumbents of office. Among those conditions and obligations of duty in a sheriff's bond are, that he will " due return make of all process and precepts to him lawfully directed," and "pay over all sums of money collected by him by virtue of any such process or precept to the persons to whom the same are due or their lawful attorney."

For actual injury sustained by the clerk, the appellee in this case, the sheriff and his sureties were liable to him on the official bond in the form of action upon the bonds which the plaintiff in the court below chose to adopt. It is in the nature of a common-law action upon the covenants in the bonds, with breaches assigned for non-performance. To hold the securities of the sheriff responsible for any injury done by him to the clerk in the exercise of his office it was necessary for the clerk to sue upon the official bond. But he had his election to sue the sheriff for money had and

received, if the sheriff had collected. money belonging to him which, *ex æquo et bono,* he ought to pay over.    In the latter case the sureties would not be responsible.    In the former both the sheriff and his sureties are amenable to any person injured by the sheriff in the discharge of the duties of his office.    And if, by virtue of his office, he gets possession of the money of another, and converts and refuses to pay it over upon demand, upon his bond he and his sureties are liable to the injured party, because the statute so declares.    The act requiring the execution of the official bond was passed to afford an adequate and secure remedy to all persons against abuses of this public trust. And this is the only remedy, in our opinion, which the statutes of Texas have provided against the sheriff for the clerk, or for any private individual who is not a party to the process or precepts emanating from the courts, to render him and his securities responsible for injuries sustained by his acts while in office.

There are certain remedies given in the statutes by motion to parties who have suits, and who have been compelled to appeal to the courts to enforce their demands. These remedies by motion are whips placed in the hands of the party to the record to coerce the ministerial officer to the punctual discharge of his duty, under pain of being subject to these summary and punitory proceedings of three days' notice, ten per cent. damages upon the amount and ten per cent. per month until paid, in addition to the original debt, interest and costs.    The action in this case is not by motion, but is founded upon the bonds.    The clerk would have no right under the law to proceed by motion unless he were an actual plaintiff in the execution upon which the motion was based.    In the case of De la Garza v. Booth, decided by this court at the fall term, 1866, [28 Tex., 478,] which, like this, was a suit upon the bond, and not a motion against the sheriff and his sureties, the court decided that, the party having elected his mode of remedy

by a suit on the bond, "his measure of damages, if his case was made out and sustained by the requisite proof, would be the actual injury sustained, which is the amount of money collected and not paid over, with interest from the date of the demand of payment." This being a suit upon the bonds, and not by motion, the plaintiff could only recover the amount of money collected by the sheriff belonging to the clerk and not paid over upon demand, together with the interest and costs of the suit. The judgment of the court was against the sheriff and each set of his sureties for a gross sum, denominated "the debt, damages, and interest, with interest thereon until paid, and costs of suit." What is meant by the damages we are left to conjecture. But we must suppose it means the ten per cent. damages given in the statutes, in cases of motions by a plaintiff in an execution against the sheriff and his sureties for the failure of the sheriff to pay over money collected upon an execution, or for failure to return an execution or executions as required by law. If such is its meaning, it is a fatal error in the judgment. The appellee, the clerk, is entitled to no such damages, either for a failure to pay over money collected upon an execution or for a failure to return an execution in which he is not the actual party plaintiff.

The mere fact that the costs of the suit, incurred by the successful party, is taxed against the defendant in the execution which is issued, with the indorsement of the items of the bill of costs thereon, among which items are the fees of the clerk, does not give the clerk control over the execution; and, in legal contemplation, he is no party to it, and is not, therefore, entitled to the penal remedy by motion. He has, therefore, no claim to such damages.

The law gives appropriate and peculiar remedies to clerks for their fees. They have a right to exact security for costs of every suitor who institutes proceedings in his court, except of paupers and of the state. Moreover, if he has

not demanded such security, or even when it has been given, he may still issue executions against the party from whom fees are due, plaintiff or defendant, as soon as the suit is determined; in which he will then become the real plaintiff in the execution, and upon which he may hold the ministerial officer and his sureties liable, by the summary method of motion upon default of the sheriff, and thus entitle himself to damages, as any other plaintiff in an execution. (Paschal's Dig., Art. 3831.) But we do not perceive that our laws, as declared in article 3781, 3796, and 5106 of Paschal's Digest, intended to give to clerks a higher niche in the temple of favoritism than the rest of mankind.

The plaintiff in an execution is entitled to demand the whole proceeds of the execution from the sheriff, embracing all the taxation of costs against the defendant. It is the indemnity to the plaintiff for his liability to the officers of the court for the costs which he may either have actually paid them, in the progress of the suit, or which he may have secured to them in a bond for costs. The indorsement of the several items on the execution is the presentation of the fee bill required by law before payment, which is designed to carry out the policy to afford a check upon the officers against charging excessive fees. The plaintiff and defendant in all suits are immediately and directly liable and responsible to the clerk for the costs incurred by them respectively.

It cannot be doubted, we think, that the payment of the whole proceeds of an execution to the plaintiff in that execution, costs and all, would entirely exonerate the sheriff from responsibility to the clerk and other officers of the court for the costs, and might be successfully relied upon either in a suit upon his bond or otherwise. It would be a literal compliance with the terms of the bond "to pay over all sums of money collected by him by virtue of any such process or precept to the person to whom the same is due."

The parties themselves, then, being immediately and directly liable to the clerk, the plaintiff, by bond for costs, as well as by execution therefor, expressly given in favor of the clerk, *eo nomine,* the clerk is no party, but is in fact a stranger, to all executions issued from his court in favor of other plaintiffs, and has no legal authority to proceed against the sheriff upon his bond, or otherwise, for his failure to "make due return of all process and precepts to him lawfully directed" in the name of other parties. As well might a common creditor of the plaintiff in an execution insist that he was injured by the failure of the sheriff to make such return, because he might thereby be defeated in the recovery of his just demand against such plaintiff, and therefore claim the right to sue upon his bond, or give the notice of a motion, and ask for damages. Such a construction of the various acts authorizing proceedings against the sheriff for remissness and defalcation in office would be a distortion of the plain meaning of their language, and a perversion of the obvious intention of the legislature. Yet this proceeding, from the allegations in the petition and from the judgment of the court, seems to have been conducted upon such an interpretation of the statutes, giving remedies against the sheriff and his sureties.

In the suit upon the bonds the clerk had no right to recover from the sheriff and his sureties anything more than the actual amount of money belonging to the clerk, and which the sheriff had got into his possession by virtue of his office, and had refused to pay over on demand made, together with the interest thereon from the date of the demand. In the determination of the case in the court below, although the action was only a suit upon the bond, the principles of law applicable alone to the summary remedy by motion were applied to fix the nature and extent of the liability of the sheriff and his sureties. This was error. Wherefore the judgment is reversed, and the cause remanded and a new trial awarded.

REVERSED AND REMANDED.